MEMORANDUM **
Marisa Ann Soto appeals the sentence imposed following her guilty plea to mail fraud affecting a financial institution, in violation of 18 U.S.C. § 1341. She contends that her sentence of 78 months, consecutive to a 5-year state court sentence, was unreasonable because it failed to account for time served for similar and contemporaneous conduct. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
In reviewing a sentence, we first consider whether the district court committed significant procedural error, including an incorrect Sentencing Guidelines determination. United States v. Carty, 520 F.3d 984, 993 (9th Cir.) (en banc), cert. denied, - U.S. -, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). We next consider whether, in light of the factors set forth in 18 U.S.C. § 3553(a), the district court abused its discretion by imposing a substantively unreasonable sentence. Id. We review the district court’s interpretation of the Guidelines de novo, its application of the Guidelines to the facts for an abuse of discretion, and its factual findings for clear error. United States v. Garro, 517 F.3d 1163, 1167 (9th Cir.2008).
The Sentencing Guidelines provide that, in a case involving an undischarged term of imprisonment, the sentence may be imposed “to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to *469 achieve a reasonable punishment for the instance offense.” U.S.S.G. § 5G1.3(c).
In 2003, Soto received a two-year state court sentence for similar offenses committed near the time of the federal offense. After her release from state prison, she committed additional similar offenses, for which she received five-year and sixteen-month state court sentences. The district court ordered Soto’s sentence to run consecutively to the five-year state term.
Soto contends that the consecutive sentence was an abuse of discretion because the district court failed to consider that she already had been punished for her similar contemporaneous conduct, and the sentence was longer than necessary to comply with the purposes of punishment under 18 U.S.C. § 3553(a). We disagree. The district court did not abuse its discretion in concluding that Soto’s various offenses were separate and that, in light of the need for adequate deterrence and other factors, a consecutive sentence was appropriate. See United States v. Dowd, 417 F.3d 1080, 1089 (9th Cir.), cert. denied, 546 U.S. 1069, 126 S.Ct. 816, 163 L.Ed.2d 642 (2005).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.